IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**LARRY WAYNE CANTRELL,**

    **Plaintiff,**

**v.**           **CIVIL ACTION NO.: 3:21-CV-15 (GROH)**

**SHAWN STRONG, REGGIE SELLERS,
KAREN PSZCZOLKOWSKI,
RICHARD MCKEEN, CHAD RICHMOND,
JUSTIN WADE, DRAKE WILLIAMS,
JEREMY KILLGORE, RUSSELL COOK,
SPENCER PATTERSON and TONY STOCKLASP,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on May 19, 2022. ECF No. 60. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Plaintiff's Complaint with prejudice. The Plaintiff timely filed his objections to the R&R on May 31, 2022. ECF No. 62. The Defendants filed a Response to Plaintiff's Objections on June 7, 2022. ECF No. 64. Accordingly, this matter is now ripe for adjudication.

## I. BACKGROUND

On January 28, 2021, Larry Wayne Cantrell ("Plaintiff"), filed a Complaint pursuant to 42 U.S.C. § 1983.  ECF No. 1.  The Plaintiff alleges four grounds for relief against the Defendants and contends they violated his constitutional rights.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Plaintiff's claims.  For ease of review, the Court incorporates those facts herein.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Further, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984).  Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection."  LR PL P 12(b).  The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation."  LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v.

Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

First, the Court notes that the Plaintiff does not object to the Magistrate Judge's recommendation that defendants Strong, Pszczolkowski, Stocklasp and Sellers enjoy qualified immunity, and even if they were not immune, the complaint fails to state a claim against these Defendants.

The Plaintiff advances three specific objections.  First, the Plaintiff objects to the Magistrate Judge's analysis of Plaintiff's second claim for relief regarding excessive force. The Plaintiff states that the R&R focuses "on the initial use of force and not the (2) two hours of continued force by not allowing plaintiff to be decontaminated or removed from restraints." ECF No. 62 at 1.  Defendants disagree.

The Court finds that the R&R properly considered the facts alleged by the Plaintiff in his complaint.  Indeed, at the outset of section IV.B. of the R&R, the Magistrate Judge noted that complaint alleges the defendant correctional officers "exposed [Plaintiff] to pepper spray . . . and refused to decontaminate [him] for nearly two hours."  ECF No. 60 at 15.  The Magistrate Judge also noted that the Plaintiff asserts he suffered "pain in his face, temporary blindness, coughing and breathing difficulty, which eventually led to a panic attack."  Id. at 15–16.

The Magistrate Judge concluded that the excessive force claim fails because, as the Plaintiff conceded, he had been drinking alcohol and attacked a correctional officer immediately *prior* to being pepper sprayed and handcuffed.  Indeed, these methods were used in response to the Plaintiff's attack on a correctional officer.  To the extent the

Plaintiff objects to the amount of time he spent in handcuffs with pepper spray on his face, the Court agrees with the Magistrate Judge that the tactics used were reasonable to restore and maintain discipline and do not constitute excessive force.

Next, the Plaintiff objects to the analysis in Section IV.B.2 of the R&R.  The Plaintiff argues that his pain and injuries were sufficient to state a claim.  Magistrate Judge Trumble properly analyzed the Plaintiff's allegations within the appropriate legal framework in reaching his determination that the Plaintiff failed to state a claim.  As noted in the R&R, "Plaintiff received medical treatment less than two hours after exposure to O.C. chemical spray[, and] at the time he was treated, Plaintiff reported no injuries other than his temporary discomfort from exposure and restraint.  ECF No. 60 at 19.  The Plaintiff failed to allege a serious medical condition, and his claim fails as a matter of law.

Finally, the Plaintiff objects to the Magistrate Judge's analysis of his deliberate indifference claim found in Section IV.B.3.  Plaintiff argues that the Magistrate Judge erred by using the wrong legal standard.  Specifically, the Plaintiff contends that the R&R does not include the correct standard for his failure to intervene claim, utilizing Farmer instead of Whitley v. Albers, 475 U.S. 312 (1986).

The Defendants aptly point out that there was no need for the Magistrate Judge to perform a deliberate indifference analysis because he already found that no Eighth Amendment violation occurred.  Without such a violation, there could be no deliberate indifference under the facts alleged by the Plaintiff. Thus, the Magistrate Judge correctly analyzed Plaintiff's deliberate indifference claim and did not need to perform a protracted analysis of the failure to intervene claim.

The Court notes that the Plaintiff "objects to the remainder of the magistrate judge[']s report and recommendation." ECF No. 62 at 5. However, when a party's objection lacks adequate specificity, the party waives that objection. See <u>Mario v. P & C Food Markets, Inc.</u>, 313 F.3d 758, 766 (2d Cir. 2002). Thus, the Court has reviewed the remainder of the R&R for clear error and finds none.

### IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that the Plaintiff's Objections should be **OVERRULED** and Magistrate Judge Trumble's Report and Recommendation [ECF No. 60] is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

Further, the Defendant's Motion to Dismiss [ECF No. 35] is **GRANTED** and the Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. ECF No. 1. The Plaintiff's Motion to Strike [ECF No. 56] is **DENIED** and any other outstanding motions shall be **terminated as moot**.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein and to the pro se Plaintiff, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** July 14, 2022

GINA M. GROH
UNITED STATES DISTRICT JUDGE